# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-02208 JGB (DTBx)** | Date | March 26, 2014 |
|---|---|---|---|
| Title | *Kelly Andersen v. The Schwan Food Company, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Plaintiff's Motion to Remand (Doc. No. 4) and (2) REMANDING the Action to the Superior Court of the State of California, County of Riverside (IN CHAMBERS)

Before the Court is Plaintiff Kelly Andersen's Motion to Remand (Doc. No. 4).  The Court finds this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15.  After considering the papers timely filed in support of and in opposition to the motion, the Court GRANTS the motion  and REMANDS the action to state court.

## I.   BACKGROUND

On April 18, 2013, Plaintiff Kelly Andersen ("Andersen") filed a complaint in Superior Court of the State of California, County of Alameda against Defendants The Schwan Food Company, Inc. ("Food Company"), Schwan's Home Service Inc. ("Home Service"), and Does 1 through 50, inclusive (collectively, "Defendants").  ("Compl.," Notice of Removal, Doc. No. 1, Exh. 1.)  The Complaint alleges seven causes of action for (1) violation of Cal. Labor Code § 1194; (2) violation of Cal. Bus. & Prof. Code § 17200; (3) failure to provide mandated meal periods and rest breaks; (4) failure to indemnify employees for expenditures and/or losses; (5) failure to make payments within the required time; (6) Private Attorneys General Act penalties; and (7) failure to furnish adequate wage and hour statements.  (Id.)   Service of the Complaint on Defendants occurred on April 25 and 26, 2013.  ("Proof of Service," Not. of Removal, Exh. 1.)  The Complaint alleges that Plaintiff worked for Defendants as a Route Sales Representative ("RSR"). (Compl. ¶ 6.)   Plaintiff brings a class action on behalf of all California-based Route Sales Representatives who worked for Defendants in the state of California during the four years

preceding the filing of the Complaint. (Id. ¶ 12.) The Complaint alleges that Defendants engaged in a systemic scheme of wage abuse against their California-based RSRs. (Id. ¶ 4.)

On May 24, 2013, Defendants removed the action to the United States District Court for the Northern District of California pursuant to the Class Action Fairness Act ("CAFA"). ("Initial Removal," Not. of Removal, Exh. 1.) On June 7, 2013, Defendants filed their first answer in the Northern District of California. ("Initial Answer," Not. of Removal, Exh. 1.) On June 25, 2013, Andersen moved to remand the action back to state court. (See "Remand Order," Not. of Removal, Exh. 6.) On July 30, 2013, Defendants filed a motion to transfer venue from the Northern District of California to the Central District of California. ("First Motion to Transfer," Not. of Removal, Exh. 1.) On August 2, 2013, the court (Hamilton, J.) granted the motion to remand and remanded the case to the Alameda County Superior Court. (Remand Order at 11.) The court did not rule on the motion to transfer.

Once the action was remanded to state court, Defendants filed a motion to transfer venue from the Alameda County Superior Court to the Riverside County Superior Court on September 3, 2013. ("Second Motion to Transfer," Not. of Removal, Exh. 1.) On October 25, 2013, the state court granted Defendants' motion to transfer venue. ("Transfer Order," Not. of Removal, Exh. 1.)

On December 3, 2013, Defendants once again removed the action to this Court. ("Second Removal," Not. of Removal, Doc. No. 1.) On December 23, 2013, Andersen filed the instant motion to remand. ("Motion", Doc. No. 4.) Defendants opposed on January 13, 2014. ("Opp'n," Doc. No. 6.) Andersen replied on January 27, 2014. ("Reply," Doc. No. 10.)

## II.  LEGAL STANDARD[1]

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. Id. at § 1446(b). 28 U.S.C. Sections 1446(b)(1) and

---

[1] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

(b)(3) provide that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant," of the initial pleading or "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  The Ninth Circuit has described this statute as providing "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may be ascertained that the case is one which is or has become removable."  Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 692 (9th Cir. 2005).

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal bears the burden of proving its propriety.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also Calif. ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]").  "[A]ny doubt about the right of removal requires resolution in favor of remand."  Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

The Class Action Fairness Act of 2005 ("CAFA") gives the district courts original jurisdiction in any civil action where: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) the action is pled as a class action involving more than 100 putative class members, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d).  Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(6).  Here, Plaintiff does not dispute that the number of putative class members exceeds the jurisdictional requirement, that the diversity requirement is met, or that the amount in controversy exceeds $5,000,000.  Plaintiff disputes only the timeliness of Defendant's removal.

## III.  DISCUSSION

### A.  Motion to Remand

Plaintiff argues that Defendants failed to remove this action within the time limits outlined in 28 U.S.C § 1446.  Defendants argue that their second removal is timely under a recent Ninth Circuit case, Roth v. CHA Hollywood Medical Center, 720 F.3d 1121 (9th Cir. 2013).  (Second Removal at 3-4.)  In Roth, the Ninth Circuit held that "a defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable."  Id. at 1123.  Defendants assert that their second removal is timely because it is based on their "own investigation."  (Second Removal at 3.)  Defendants also rely on Garibay v. Archstone Cmtys., 539 F. App'x 763 (9th Cir. 2013).  Attempting to remove, the defendants in Garibay submitted a declaration by their payroll supervisor, indicating the number of pay periods and the number of employees during the relevant period, as well as general information about hourly employee wages.  Id. at 764.  In Garibay, the Ninth Circuit held that since defendants failed to meet their burden of proving the requisite amount in controversy under CAFA, the

district court's remand was proper.  In the last sentence of Garibay, the Ninth Circuit stated, "[u]nder Roth, if Archstone later discovers evidence that the jurisdictional bar is met, it may once again attempt to remove this case to federal court."  Garibay, 539 F. App'x at 765.

Defendants' reliance on Roth and Garibay is misplaced.  Unlike the instant case, neither Garibay nor Roth involved a successive removal.  Roth merely established that the two statutory thirty-day windows set forth in 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not the only times in which a defendant may attempt removal.  See Roth, 720 F.3d at 1124.  Defendants' reliance on the last sentence in Garibay is likewise unfounded.  Defendants overlook that the final sentence in Garibay merely permits a second attempt at removal; it does not guarantee the propriety of such a removal.  Garibay, 539 F. App'x at 765 ("[I]f Archstone *later discovers evidence* that the jurisdictional bar is met, it may once again *attempt* to remove this case to federal court.") (emphasis added).  Despite Roth and Garibay, defendants seeking successive removal are still subject to the general rule that "[w]here a court has previously remanded a removed action for a defendant's failure to meet its burden, successive removals are allowed only where the second notice of removal is based on newly discovered facts not available at the time of the first removal."  Jones v. J.C. Penny Corp., 11–5631 PSG (SHx), 2011 WL 4529406, *2 (C.D. Cal. 2011); see also Mattel Inc. v. Bryant, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005); Barahona v. Orkin, No. CV 08–04634–RGK (SHx), 2008 WL 4724054, *2 (C.D. Cal. Oct. 21, 2008); Sweet v. United Parcel Service, Inc., No. CV 09–02653 DDP, 2009 WL 1664644, *2–3 (C.D. Cal. June 15, 2009).  The court in Allen v. UtiliQuest, LLC., 13–4466 SBA, 2014 WL 94337, *2 (N.D. Cal. Jan. 9 2014), further explained the general rule as follows:

> As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action.  See St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 217 (1983); Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction[.]").  The general prohibition on successive removals, however, does not apply "when subsequent pleadings or events reveal *a new and different* ground for removal."  Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir. 1991) (quoting FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979)) (emphasis in original).

Allen, 2014 WL 94337 at *2.

In Allen, which was decided after Roth, the defendant previously removed a putative wage and hour class action pursuant to CAFA, but the district court remanded because defendant had failed to show that the $5,000,000 amount in controversy had been met.  Id. at *1.  After remand, the plaintiff filed an amended complaint alleging that defendant failed to compensate plaintiff and other class members for commuting expenses, and defendant removed a second time, again alleging jurisdiction under CAFA.  Id.  The defendants in Allen alleged that a second removal was proper due to a change in law and in factual circumstances.  The defendants argued that the Ninth Circuit's decision in Rodriguez v. AT & T Mobility Services, LLC, 728 F.3d 975 (9th Cir. 2013), which eliminated the "legal certainty" standard constituted a new legal basis for

removal. The Allen court disagreed, concluding that "the legal basis of Defendant's second removal is the same as the first: CAFA." Allen, 2014 WL 94337 at *2.

The court in Allen also rejected the defendant's claim that changed factual circumstances justified removal. Allen, 2014 WL 94337 at *3. The defendant in Allen cited a declaration of its Senior Human Resources Manager, who reviewed the company's time records and payroll information and estimated the number of hours and amount of wages the class may be owed; based on these figures, defense counsel calculated the alleged amount in controversy. Id. The court noted that the purportedly new information was readily available to the defendant when it filed its opposition to plaintiff's original motion to remand and that the defendant "simply relied on information already in its possession." Id. The court remanded, explaining that "[t]he information now proffered by Defendant could—and indeed, should—have been presented to the Court in opposing Plaintiff's first motion to remand. That Defendant is belatedly attempting to do so now does not render its factual showing 'new and different' for purposes of allowing a successive removal petition." Id.

In sum, though Roth allows a defendant who has not run afoul of the two thirty-day windows to remove based on its own investigation, in a successive removal, such investigation must be based on newly discovered facts not available at the time of the first removal.

In the instant case, Defendants' initial removal was remanded because they failed to meet their evidentiary burden of proving, by a preponderance of the evidence, that the $5 million amount in controversy was met. (Remand Order at 11.) Defendants based their first removal on the face of Andersen's complaint, his written statements, and his wage record. (Initial Removal at 3, 4.) According to Defendants, after the court's initial remand, Defendant Home Service undertook its own investigation which resulted in additional wage and hour evidence. (Opp'n at 4.) The evidence presented in Defendants' Second Removal was available to Defendants at the time of its first removal, and therefore does not constitute "new and different" evidence which could make a successive removal proper. See Allen, 2014 WL 94337 at *3.

Like the defendants in Allen, in their second removal, Defendants rely on the declarations of Defendants' human resources personnel and on Defendants' calculations of the amounts owed to the putative class. (Second Removal at 4-5.) See Allen, 2014 WL 94337 at *3. Specifically, Defendants calculate the RSRs' average hours worked and average hourly wage based on information provided by a payroll manager and by a Senior Systems Analyst for Schwan's Shared Services, LLC ("Shared Services"), a sub-entity of Defendants which provides administrative services. (See "Janoski Decl.," Not. of Removal, Exh. 3 at ¶¶ 5, 6; "Mead Decl.," Not. of Removal, Exh. 2 at ¶ 1; "Becker Decl.," Not. of Removal, Exh. 4 at ¶ 1.) Shared Services' payroll manager Linda Mead ("Mead") provided Defendants with the number of pay periods per year and the annual average number of days that RSRs worked. (Mead Decl. at ¶ 5.) Shared Services' Senior Systems Analyst Teresa Becker ("Becker") transmitted to Defendants the hours of service records for three pay periods in the putative class period. (Becker, Decl. at ¶ 4; Mead Decl. at ¶ 1; Becker, Decl. at ¶ 1.)

Like the defendant in Allen, Defendants here simply rely on information already in their possession. The Initial Removal calculated the amount in controversy by extrapolating

information provided in the Complaint (Initial Removal at 3-4), while the Second Removal bases its calculations on Defendants' payroll records. (Second Removal at 6.) However, Defendants have not shown that the payroll records were unavailable to them when they initially sought removal, and the facts suggest the opposite. Notably, in its Remand Order, the Northern District court derided Defendants for "removing this case without first ascertaining whether the amount in controversy exceeds $5,000,000, even though it is in the best position to do so, given that all necessary records are within its control." (Remand Order at 11.) Thus, the court recognized that the information required for removal was available to Defendants at the time of the first removal as it was "uniquely within the records of Schwan[.]" (Id. at 7.) Accordingly, Defendants have not demonstrated that their "second notice of removal is based on newly discovered facts not available at the time of the first removal," and thus their successive removal is improper. Jones, 2011 WL 4529406, *2.

Although Roth gives Defendants the right to attempt a second removal based on information later discovered through their own investigation, Roth, 720 F.3d at 1123, such removal is improper "[w]here a court has previously remanded a removed action for a defendant's failure to meet its burden" and the second removal is based on facts available at the time of the first removal. See Jones, 2011 WL 4529406 at *2 (citations omitted); Allen, 2014 WL 94337 at *3. The Court finds that the wage and hour information upon which Defendants now rely is not sufficiently new and different to allow a successive removal petition. As such, "[t]he information now proffered by Defendant could—and indeed, should—have been presented to the Court in opposing Plaintiff's first motion to remand." Allen, 2014 WL 94337 at *3. Since it was not, Defendants' successive removal is improper.

### B. Attorney's Fees

Plaintiff requests attorneys' fees pursuant to 28 U.S.C. § 1447(c) because Plaintiff claims Defendants did not have an "objectively reasonable basis" for removal. Although the Court grants the motion to remand, Defendants' arguments regarding the timeliness of removal were objectively reasonable, although ultimately incorrect, given the Ninth Circuit's recent decision in Roth authorizing removal outside of the statutory thirty-day periods set forth in set forth in 28 U.S.C. §§ 1446(b)(1) and (b)(3). Roth, 720 F.3d at 1123. Therefore, Plaintiff's request for attorneys' fees is denied.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**